36 F.3d 1095
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
John Pierre MACK, a/k/a John Smalls, Defendant-Appellant.
 No. 93-5513.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 25, 1994.
Decided Sept. 19, 1994.
 
 Appeal from the United States District Court for the District of South Carolina, at Charleston. C. Weston Houck, District Judge. (CR-92-447)
 Michael P. O'Connell, Asst. Federal Defender, Charleston, SC, for appellant.
 J. Preston Strom, Jr., U.S. Atty., J. Brady Hair, Asst. U.S. Atty., Ben A. Hagood, Jr., Asst. U.S. Atty., Charleston, SC, for appellee.
 D.S.C.
 AFFIRMED.
 Before RUSSELL and MICHAEL, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 John Pierre Mack appeals the sentence imposed on his conditional guilty plea to a violation of 18 U.S.C. Secs. 922(g)(1) & 924(a)(2) (1988). Mack noted a timely appeal and his attorney filed a brief pursuant to Anders v. California, 386 U.S. 738, 744 (1967), in which he represents that there are no arguable issues of merit in this appeal. Mack did not file a supplemental brief despite being informed of his right to do so. The formal brief discusses whether the district court properly denied Mack's motion to suppress the firearm on the grounds of an unconstitutional search and seizure.
 
 
 2
 The district court properly denied Mack's motion to suppress. The arresting officers' pat-down of Mack and his co-defendant was supported by a reasonable suspicion that Mack and his companion were armed and dangerous. Terry v. Ohio, 392 U.S. 1, 27 (1968). The district court employs a totality of the circumstances test to determine the existence of a reasonable suspicion. United States v. Sokolow, 490 U.S. 1, 7-8 (1989). Here, Mack and his companion had been identified, albeit at a distance of 100 yards, by the victim of an armed robbery as the perpetrators of that robbery. They matched the description the victim had given of the robbers' dress and appearance. Further, they had bicycles with them, and the victim had noticed that one of the muggers had a bicycle. Finally, the officers asked the victim if he was sure that Mack and his companion were the perpetrators, and he reaffirmed his previous identification. The district court did not err in determining that the officers had a reasonable suspicion that Mack and his companion were armed and dangerous.
 
 
 3
 Accordingly, we affirm Mack's sentence. As required by Anders, we have independently reviewed the entire record and all pertinent documents. We have considered all possible issues presented by this record and conclude that there are no nonfrivolous grounds for this appeal. Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964 (18 U.S.C. Sec. 3006A), this Court requires that counsel inform his client, in writing, of his right to petition the Supreme Court for further review. If requested by his client to do so, counsel should prepare a timely petition for writ of certiorari.
 
 
 4
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 5
 AFFIRMED.